IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DECKERS OUTDOOR CORPORATION,  )
                              )
              Plaintiff,      )
                              )
     v.                       )    No. 13 C 519
                              )
THE PARTNERSHIPS, et al., etc.,)
                              )
              Defendants.     )

## MEMORANDUM ORDER[1]

This action by Deckers Outdoor Corporation ("Deckers") has been assigned to this Court's calendar under the random assignment system employed by this District Court. No defendants have been identified in Deckers' Complaint--instead the other side of the "v." sign reads "The Partnerships and Unincorporated Associations Identified on Schedule 'A' and Does 1-100."

For present purposes this Court will credit Deckers' allegations that its "UGG" products are the target of massive efforts to counterfeit and sell knock off of those products through the bogus use of its "UGG" trademark. But Deckers clearly appears to be guessing by alleging on information and belief in Complaint ¶9 that the unnamed defendants "are an interrelated group of counterfeiters acting in active concert" so as to qualify for permissive joinder under the Fed. R. Civ. P.

---

[1] This memorandum order is being issued sua sponte to alert Deckers' counsel to some of the matters that will call for consideration when he brings the case on for consideration on this Court's motion call on January 28, 2013.

("Rule") 20(a)(2)(A) provision that requires a plaintiff to state a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."[2] If such interrelationship is not the case, Deckers will not be permitted to pursue its claims through payment of a single $350 filing fee, as contrasted with having to sue each defendant together with its truly interrelated codefendants separately (and thus having to pay a separate $350 filing fee as to each defendant or related defendants).

In the meantime this Court reserves the right to take a dim view of Deckers' ex parte motion for the entry of a temporary restraining order and other orders against the immediate world. In the past, when transient musical groups tried to ride the coattails of well-known established groups performing a previously-scheduled and well-publicized gig, this Court would not grant injunctive relief in advance of the identification of a knockoff artist.

                         _____
                         Milton I. Shadur
                         Senior United States District Judge

Date:  January 25, 2013

---

[2] Complaint ¶9 also asserts on information and belief that the unnamed defendants might be "copying from each other." If so, that would certainly not qualify for joinder under Rule 20(a)(2)(A).